IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENRIC LAVAUGHN JACKSON, (TDCJ-CID #1505478) Petitioner, VS. RICK THALER, Respondent. | CIVIL ACTION NO. H-11-0973 |

## MEMORANDUM AND OPINION

Petitioner, Kenric LaVaughn Jackson, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 338th Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No. 12), and copies of the state court record. Jackson has filed his response. (Docket Entry No. 14). After consideration of the motion and response, the record, and applicable authorities, the court grants respondent's motion. The reasons for this ruling are stated below.

I.  **Background**

A jury found Jackson guilty of the felony offense of robbery. (Cause Number 1104003). Jackson pleaded true to two enhancement paragraphs relating to prior robbery convictions in Cause Numbers 590737 and 654450. On May 8, 2008, the court sentenced Jackson to life imprisonment. The First Court of Appeals of Texas affirmed Jackson's conviction on July 23, 2009. The Texas Court of Criminal Appeals refused Jackson's petition for discretionary review on February 10, 2010. Jackson filed an application for state habeas corpus relief on November 30, 2010, which the Texas

Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing on February 16, 2011. *Ex parte Jackson,* Application No. 75,256-01 at cover.

On March 2, 2011, this court received Jackson's federal petition. Jackson contends that his conviction is void for the following reasons:

(1)  The evidence was legally insufficient to support the conviction for robbery;

(2)  The trial court abused its discretion by refusing Jackson's requests to substitute court-appointed counsel; and

(3)  Trial counsel, Kenneth E. McCoy, rendered ineffective assistance by:

    a.  failing to advise Jackson of his right to an opening statement,

    b.  failing to adequately investigate Jackson's mental illness,

    c.  withholding an affidavit related to the subject matter at bar, and

    d.  allowing Jackson to enter a "true" plea to the enhancement paragraphs.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

The respondent argues that claims one and two are procedurally-barred. The respondent further argues that Jackson's remaining claim lacks merit. The court considers these contentions and Jackson's responses below.

## II.  The Applicable Legal Standards

This court reviews Jackson's petition for writ of habeas corpus under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254; *Woods v. Cockrell,* 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson,* 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy,* 521 U.S. 320 (1997).

Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

In ruling on a motion for summary judgment, this court views the evidence through "the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986). The court must look "through the prism of AEDPA deference." *Ward v. Dretke,* 420 F.3d 479, 499 (5th Cir. 2005).

The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court

of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000). Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

Pure questions of fact are governed by § 2254(d)(2). *Martin v. Cain,* 246 F.3d 471, 475 (5th Cir. 2001). In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke,* 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia,* 454 F.3d at 444-45 (citing *Summers v. Dretke,* 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Jackson is a *pro se* petitioner. In this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court accords Jackson's state and federal habeas petitions a broad interpretation. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

### III. Statement of Facts

The appellate court summarized the evidence at trial as follows:

> In the early morning hours of January 26, 2007, appellant went to the apartment of Dana Reese, who was then his girlfriend. When they awoke, Reese was upset with appellant for staying out late. She refused appellant's advances, and when appellant persisted, she slapped or pushed him away. Reese went to the kitchen to make coffee. Within minutes, appellant entered the kitchen and told Reese never to put her hands on him. He began choking her with his hands and arm, and he dragged her into the living room. Reese testified that appellant choked her so hard that she felt weak, as if she would faint.

Reese testified that appellant gagged her with his work vest and bound her wrists and her ankles with telephone or electrical cords. Reese testified that her hands and feet went numb and she lost feeling in her fingers. Reese said that appellant left her in a darkened bathroom, with the door closed, while he ransacked her apartment. He came into the bathroom twice to taunt her, laughing and asking if she was hungry and, later, kissing her cheek and telling her that he would return. Reese heard him drive away in her car.

After waiting a few moments to make sure appellant would not return, Reese made her way, still bound and gagged, from the bathroom to the front door of the apartment, where she banged her shoulder against the locked door, hoping to get someone's attention. When a neighbor heard the banging and asked if she was okay, Reese replied, "Help me." The neighbor asked the apartment manager to help. The apartment manager opened the door with a key and discovered Reese. The apartment manager sent her assistant to get a camera, took pictures of Reese, and cut the cords, freeing her.

Reese called the police immediately. She noticed that appellant had taken her computer, a DVD player, and her son's video game system and games. Reese waited in her mother's apartment, which was in the same complex. She made a police report and later obtained a restraining order against appellant.

Appellant testified that he had been living with Reese for about a month before the alleged robbery. He testified that they had a stormy relationship and that Reese was sometimes physically violent. Although he admitted pestering her in the morning and telling her not to hit his face, he said he left the apartment. He repeatedly denied assaulting Reese or taking anything from the apartment, except for Reese's car keys. Appellant testified that he had his own set of keys to Reese's car, but he preferred her set because it had the car alarm. Appellant testified that he never choked, hit, bound, gagged, dragged, or injured Reese. He denied leaving her in the bathroom.

Q. [Defense attorney] All right. Did you ever choke Dana Reese?

A. Never in my life.

Q. Did you steal her property?

A. No, I did not.

Q. Did you assault her in any way?

A. No, I did not.

> On cross-examination, he again denied any wrongdoing.
> Q. [Prosecutor] Okay. But what happens next, where she states to us that you begin to choke her, that didn't happen?
>
> A. It never happened, never in my life. I never hit her.
>
> Appellant later testified that Reese was lying about everything. Finally, he testified that he did nothing to Reese, "I did not touch her at all."

*Jackson v. State*, No. 01-08-00397-CR, 2009 WL 2232014, at *1-2 (Tex. App. -- Houston [1st Dist.] 2009, pet. ref'd)(not designated for publication).

### IV.   The Procedurally-Barred Claims

Respondent argues that Jackson's first and second grounds for habeas relief are procedurally defaulted because Jackson did not raise those claims on direct appeal. (Docket Entry No. 12, Respondent's Motion for Summary Judgment, p. 11).

In his first ground for federal habeas relief, Jackson challenges the legal sufficiency of the evidence introduced at his trial. The state habeas court refused to reach the issue because under Texas law, a claim regarding sufficiency of the evidence may be raised on direct appeal but not in a habeas proceeding. *See Ex parte McWilliams*, 634 S.W.2d 815, 818 (Tex. Crim. App. 1980), *cert. denied*, 459 U.S. 1036 (1982). The state habeas court found that: "Applicant's challenge to the sufficiency of the evidence is not cognizable in post-conviction habeas proceedings. *Ex parte Christian*, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988)." *Ex parte Jackson*, Application No. 75,256-01 at 165, Conclusion #1.

In his second ground for federal habeas relief, Jackson argued that the trial court erred in failing to grant Jackson's motion to replace court-appointed counsel. The state habeas court found:

> 2. Applicant's challenge to the trial court's denial of his motions to dismiss McCoy as his court appointed attorney and to appoint new counsel is a record claim that he is procedurally barred from asserting in the instant application for habeas corpus because he failed to raise it on appeal. Habeas corpus is available to review jurisdictional defects or the denial of a fundamental or constitutional right; therefore, the "Great Writ should not be used to litigate matters which should have been raised on appeal." *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).
>
> 3. Alternatively, applicant fails to allege sufficient facts, which if true, would entitle him to relief, with regard to the trial court's failure to appoint new counsel to the applicant. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985).
>
> 4. Further in the alternative, appointment of new counsel is a matter solely within the discretion of the trial court. *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990). Personality conflicts and disagreements concerning trial strategy are not valid grounds for withdrawal. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *See Solis*, 792 S.W.2d at 100.

*Ex parte Jackson*, Application No. 75,256-01 at 165, Conclusions ##2-4. The Texas Court of Criminal Appeals denied relief "on the findings of the trial court." *Id.* at Cover.

Where, as here, "a state court finds that a federal claim is procedurally barred, but goes on to reach the merits of that claim in the alternative, the state court's reliance on the procedural default still constitutes an independent and adequate state ground which bars federal habeas review." *Sawyers v. Collins*, 986 F.2d 1493, 1499 (5th Cir. 1993). Jackson argues that he filed a motion for instructed verdict during trial, that the trial judge was acting as an appellate court justice, and the claim was properly presented on direct appeal. (Docket Entry No. 14, Petitioner's Response, p. 3). This argument lacks merit. Jackson did not present his challenge to the sufficiency of the evidence or his trial court error claim on direct appeal. Jackson's failure to raise these claims on direct appeal constitutes a procedural default under state law. *Renz v. Scott*, 28 F.3d 431 (5th Cir. 1994)(citing

*Clark v. State of Tex.*, 788 F.2d 309, 310 (5th Cir. 1986)); *Ellis v. Lynaugh*, 883 F.2d 363, 367 (5th Cir. 1989).

When a state court denies a prisoner's claims based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate (1) cause for the default and prejudice as a result of the alleged violation of federal law, or (2) a resulting fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). To grant a habeas petition due to a manifest miscarriage of justice, the petitioner "must show that a constitutional violation prevented him from showing his actual innocence" or "resulted in the conviction." *Ellis v. Collins*, 956 F.2d 76, 80 (5th Cir.), *cert. denied*, 503 U.S. 915 (1992).

Jackson has not demonstrated cause for the default or prejudice as a result of the alleged violation of federal law. Jackson does not allege that his conviction resulted from, or was contributed to, by a constitutional violation. He does not assert that the claimed insufficiency of the evidence and trial court error are wholly or partly the result of any constitutional violation. Jackson has failed to establish a basis on which to avoid the procedural bar, which precludes consideration of his claims of insufficient evidence and trial court error.

## V. The Claim of Ineffective Assistance of Trial Counsel

To establish an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that he was actually prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 68 (1984). Whether counsel's performance was deficient is determined by an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "[S]crutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and to have made all

significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690-91; *see also United States v. Jones*, 287 F.3d 325, 331 (5th Cir.)("Informed strategic decisions of counsel are given a heavy measure of deference and should not be second guessed."), *cert. denied*, 537 U.S. 1018 (2002); *Lockett v. Anderson*, 230 F.3d 695, 714 (5th Cir. 2000) (*Strickland* requires deference to counsel's "informed strategic choices"). "So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (internal quotation marks and citation omitted).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Jones*, 287 F.3d at 331. To overcome the deference given to informed strategic decisions, a petitioner must show that his counsel "blundered through trial, attempted to put on an unsupported defense, abandoned a trial tactic, failed to pursue a reasonable alternative course, or surrendered his client." *Id.*; *see also Moore v. Johnson*, 194 F.3d 586, 615 (5th Cir. 1999) ("*Strickland* does not require deference to those decisions of counsel that, viewed in light of the facts known at the time of the purported decision, do not serve any conceivable strategic purpose.").

Even if a petitioner establishes that his counsel's performance was deficient, he must also establish that "prejudice caused by the deficiency is such that there is a reasonable probability that the result of the proceedings would have been different." *Ransom v. Johnson*, 126 F.3d 716, 721 (5th

Cir. 1997). A petitioner must show that the prejudice made the trial outcome "fundamentally unfair or unreliable." *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364 (1993)).

The state habeas court found that:

> 5. The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); and *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part *Strickland* standard).
>
> 6. The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

*Ex parte Jackson,* Application No. 75,256-01 at 166.

Under AEDPA, this court must give proper deference to the state court's determination that trial counsel rendered effective assistance. *See Ladd v. Cockrell*, 311 F.3d 349, 351 (5th Cir. 2002). Because the state court properly identified *Strickland* as the governing legal principle, the "unreasonable application" prong of section 2254(d)(1) provides the standard that governs this court's review of the state court's decision on Jackson's ineffective counsel claims. *Bell v. Cone*, 535 U.S. 685, 694-695 (2002). This court must determine whether the state court's application of *Strickland* was objectively unreasonable. *Id.*; *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002) (en banc), *cert. denied*, 537 U.S. 1104 (2003). Under section 2254(d)(1), "[w]e have no authority to grant habeas corpus relief simply because we conclude, in our independent judgment, that a state supreme court's application of *Strickland* is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) (quoting *Neal*, 286 F.3d at 236). "The federal-habeas scheme leaves

primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002).

Jackson first complains that counsel was ineffective for not advising him of his valuable right to an opening statement. He complains that counsel's failure to make an opening statement prevented the jury from making accurate fact findings. (Docket Entry No. 14, Petitioner's Response, p. 22).

The record shows that counsel initially waived the right to make an opening statement and reserved the right to make an opening statement during his case-in-chief. (Reporter's Record, Vol. IV, p. 8). The record further shows that during the defense case-in-chief, counsel made an opening statement. (Reporter's Record, Vol. V, pp. 133-34).

The state habeas court found: "8. The Court finds based on the court reporter's record that McCoy presented an opening statement during applicant's trial. (V R.R. at 133-134)."
*Ex parte Jackson,* Application No. 75,256-01 at 164.

Jackson next complains that counsel failed to adequately investigate and present evidence of Jackson's mental illness to the trial court. He states that he was an outpatient at Mental Health and Mental Retardation Authority of Harris County ("MHMRA"). He states that at the time of the offense, he was using various psychiatric medications. He alleges that counsel failed to contact Sandra Cook, a psychiatrist, who had diagnosed Jackson as being paranoid schizophrenic. Though Jackson states that he never claimed to be suffering from a mental illness, he faults counsel for failing to present his history of mental illness to the trial court. (Docket Entry No. 14, Petitioner's Response, p. 25). He claims that an independent mental health expert could have assisted counsel

in preparing a defense. (*Id.* at 26). Jackson argues that as a result, the jury never heard evidence concerning Jackson's sanity at the time of the offense. (*Id.*).

The record shows that on April 3, 2007, the court ordered Jackson to have a psychiatric examination. (Clerk's Record, Vol. I, p. 13). The trial court sent a copy of the order for psychiatric evaluation to the Medical Director of the MHMRA Forensic Unit. (*Id.* at 13). On June 29, 2007, a Psychiatric or Medical Status Report was filed with the trial court that indicated a psychiatric examination of Jackson was conducted and that Jackson was receiving medication. (*Id.* at 47). The trial court was aware that Jackson was on medication, but there is no indication that he was suffering from a mental illness.

Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy. *Wilkerson v. Cain,* 233 F.3d 886, 892-93 (5th Cir. 2000)(citing *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983)). There is no basis other than speculation to support Jackson's argument that the outcome of the trial would have been different had counsel offered the additional evidence concerning Jackson's history of mental illness.

The state habeas court found:

> 7. The Court finds based on the clerk's record that the trial court ordered the applicant to undergo a psychiatric examination on April 3, 2007. (I C.R. at 13). A report was compiled after the applicant's examination and submitted to the court on June 29, 2007, that indicates the applicant was receiving medication. (I C.R. at 47). The Court was aware of the report.

*Ex parte Jackson,* Application No. 75,256-01 at 164.

Third, Jackson complains that counsel withheld an affidavit no. 2007-17968 which related to the subject matter at bar. Jackson explains that on the day of trial, he gave counsel an affidavit

prepared by the State's key witness, Ms. Reese. (Docket Entry No. 14, Petitioner's Response, p. 29). Jackson claims that this evidence contained exculpatory evidence, but he does not describe the substance of the testimony. Jackson apparently suggests that counsel could have impeached Ms. Reese concerning her claim that Jackson stole her cell phone. (*Id.* at 33). Jackson argues that the affidavit contained inconsistent statements, and counsel failed to impeach Ms. Reese with these statements. *Ex parte Jackson,* Application No. 75,256-01 at 118.

The record shows that Ms. Reese gave a graphic account of how Jackson choked her to the point that she felt faint. She further testified that Jackson dragged her from the kitchen to the living room where he gagged her, and tightly bound her wrists and ankles with telephone and electric cords. He then left her in the bathroom and left the apartment. She testified that Jackson took her car and several items of personal property without her permission. Ms. Reese testified that it took nearly a month for the bruising on her wrists and ankles to heal because the cords cut into her skin so deeply. Given the nature of Ms. Reese's testimony, it is not clear how impeachment with prior inconsistent statements contained within the mentioned affidavit would have altered the outcome at trial. Counsel made a reasoned tactical decision to focus on the volatile relationship between Ms. Reese and Jackson.

Fourth, Jackson complains that counsel was ineffective for allowing Jackson to plead "true" to enhancement allegations. He complains that counsel never explained the significance of pleading guilty to an enhancement paragraph. Had counsel provided a proper explanation, Jackson states that he would not have pleaded true to the enhancement allegations. Jackson argues that as a result of counsel's deficient performance, he received a sentence outside the punishment range. (*Id.* at 36).

The state habeas court found:

> 9. The Court finds based on the court reporter's record that the trial court adequately admonished the applicant as to his decision to plead true to the enhancement paragraphs. (VIII R.R. 5-7).
>
> 10. The Court finds based on the court reporter's record that the applicant indicated to the trial court that he discussed his decision to plead true to the enhancement paragraphs with McCoy. (VIII R.R. at 7).
>
> 11. The Court finds based on the court reporter's record that McCoy informed the trial court that it was McCoy's opinion that the applicant understood the nature and consequences of his pleas of true. (VIII R.R. at 7).
>
> 12. The Court finds based on the court reporter's record that the State presented persuasive evidence through the use of witnesses, judgments and sentences, and pen packets that the applicant was indeed the same individual who was previously convicted of the offenses alleged in the enhancement paragraphs. (IX R.R. at 9-11, 16-20; X R.R. at State's Exhibits 22-24).

*Ex parte Jackson,* Application No. 75,256-01 at 164-65.

In the state sentencing context, the relevant inquiry is whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been "significantly less harsh," taking into account "such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *Dale v. Quarterman,* 553 F.3d 876, 880 (5th Cir. 2008) (internal quotation and citation omitted); *Spriggs v. Collins,* 993 F.2d 85, 88-89 (5th Cir. 1993). Jackson does not allege facts that establish prejudice in this instance, and the record does not disclose any. Jackson was charged with robbery, which is a second-degree felony. *See* TEX. PENAL CODE § 29.02. An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the institutional division for any term of

not more than 20 years or less than 2 years. TEX. PENAL CODE § 12.33. If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony. TEX. PENAL CODE § 12.42(b). Jackson was found guilty of a second-degree offense, robbery. Because he had at least two prior felony conviction for robbery, Jackson faced a potential range of imprisonment of not more than 99 years or less than 25 years. TEX. PENAL CODE § 12.42(d).

The court admonished Jackson as follows:

> Do you understand that if you plead true and I accept your pleas of true with regard to both, then I would find the allegations true and that would make the range of punishment in your case not less than 25 years, no more than 99 years or life confinement in the Texas Department of Criminal Justice Institutional Division? Do you understand that?

(Reporter's Record, Vol. VIII, p. 6). Jackson responded in the affirmative.

Based on the record, the court is not persuaded that Jackson's sentence would have been significantly less harsh if counsel had advised Jackson to plead not guilty to the enhancement allegations. Even though Jackson entered a plea of true to the enhancement allegations, the State presented evidence, including fingerprints and pen packets, to establish that Jackson had been convicted of robbery on June 20, 1991, in Cause No. 590737, and on February 5, 1993, in Cause No. 654450.

During the punishment phase, Jackson stipulated that:

(1)  he was convicted in the 185th District Court of Harris County, Texas, on April 1, 1993, for the offense of robbery in Cause 658413, and he received 13 years in the Texas Department of Corrections (TDC) for that offense;

(2)   he was convicted in the 228th District Court on February 5, 1993, of the offense of robbery in Cause No. 654450, and he received ten years confinement in the TDC;

(3)   he was convicted in the 339th District Court on June 20, 1991, of the offense of forgery, and he received ten years in the TDC for that offense;

(4)   he was convicted in the 339th District Court on June 20, 1991, for the offense of robbery, and he received ten years in the TDC; for that offense;

(5)   he was convicted in County Criminal Court No. 4, on November 28, 2006, for the offense of assault of a family member, a misdemeanor in Cause No. 1415667, and that he received 90 days in the Harris County Jail; and

(6)   he was convicted in County Criminal Court No. 6, on September 19, 1989, for the offense of theft, a misdemeanor in Cause No. 8922431, and he received six days in the Harris County Jail.

(Reporter's Record, Vol. VIII, pp. 8-9).

Counsel presented testimony from Jackson that included a categorical denial of the charges. Jackson had an opportunity to present his account of events. Jackson does not allege or show that his attorney had any other valid defense to pursue, and he does not otherwise show that another strategy would have resulted in a sentence that was "significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993). Jackson fails to establish actual prejudice.

As set forth above, the state habeas court made detailed findings of fact. The Court of Criminal Appeals expressly based its denial of habeas relief on these findings. These credibility determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moore v.*

*Johnson,* 194 F.3d 586, 604 (5th Cir. 1999) (op. on reh'g). Jackson has not produced clear and convincing evidence to rebut these findings.

The state court's decision was not contrary to clearly established federal law. Jackson is not entitled to habeas relief. 28 U.S.C. § 2254(d)(1).

## VI.  Request for Evidentiary Hearing

Jackson requests an evidentiary hearing in this case. Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
> (A) the claim relies on -
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

The decision whether to conduct an evidentiary hearing is committed to this court's discretion. *See Williams v. Taylor,* 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings); *Conner v. Quarterman,* 477 F.3d 287, 293 (5th Cir. 2007)(citing *Roberts v. Dretke,* 381 F.3d 491, 497 (5th Cir. 2004) (citation omitted)); *McDonald v. Johnson,* 139 F.3d 1056, 1060 (5th Cir. 1998).

Where there is a factual dispute that, if resolved in the petitioner's favor, would entitle him to relief, and the state has not afforded the petitioner a full and fair hearing, a federal habeas corpus

petitioner is entitled to an evidentiary hearing. *Clark v. Johnson,* 202 F.3d 760, 766 (5th Cir. 2000); *Perillo v. Johnson,* 79 F.3d 441, 444 (5th Cir. 1996). However, a petitioner is not entitled to an evidentiary hearing "if his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Young v. Herring,* 938 F.2d 543, 559 (5th Cir. 1991). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rule 8 of the Rules Governing Section 2254 Cases.

This court has been able to resolve all issues raised in this case based on the pleadings and state-court records. As already discussed, the facts and claims Jackson seeks to develop lack merit. Jackson has failed to provide a factual basis for granting an evidentiary hearing. This court determines that an evidentiary hearing is not required because there are no relevant factual disputes that would require development in order to assess the claims. *Robinson v. Johnson,* 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied,* 526 U.S. 1100 (1999).

Jackson's request for an evidentiary hearing, (Docket Entry No. 14, p. 37), is denied.

## VII. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 12), is GRANTED. Jackson's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues

that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Jackson's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Jackson has not made the necessary showing for issuance. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on Feb 13, 2012.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE